### Frank Lerch and Otto Lerch v. D. H. and J. W. Snyder.

#### No. 81.

1. **Trust Deed—Construction—Trustee may Sue to Remove Cloud Upon Title.**—A debtor conveyed lands to one of his creditors with power to the trustee and another beneficiary in the trust to take possession of the land, remove clouds upon title, and sell part or all at such prices as to them seemed best. *Held,* that the beneficiaries had power to sell, and to institute proceedings in their own names to remove clouds from the title to the lands.

2. **Void Sale—Return of Purchase Money.**—Under an older deed of trust for the same land sale was made, but without advertising the sale for the time prescribed in the deed of trust. The junior trustee and beneficiary, in suing to remove the cloud upon the land by reason of the void sale, were not required to tender the amount of the purchase money paid at such sale.

3. **Void Sale—Time Computed.**—A trustee required to advertise ten days before sale, made publication first on October 8. He sold on the 18th of same month. *Held,* his sale was void, and passed no title to the land.

Appeal from Tom Green. Tried below before Hon. J. W. Timmins.

*Lerch & Wallace* and *H. G. Robertson,* for appellants.—1. Only persons having a legal title and right of possession can maintain a suit like this; and J. H. Hill being the only party so situated in this case, when the suit was dismissed as to him on the trial, it should have failed as to intervenors also.

2. D. H. Snyder not being a party to the instrument under which he

claims the right to intervene in this case, and such instrument conferring no right upon him to sue, he was an improper party, and the demurrer on that account should have been sustained.

3. The court erred in overruling the special exception to said plea of intervention, because the same did not tender or offer to pay back the money which defendants had paid in the purchase of said lands at said sale under said deed of trust.

4. Waiving the consideration of the partial publication of the 7th of October by the mailing and partial distribution of the paper on Friday night of the 7th, and treating the publication as of the 8th of October, the sale on the 18th of October was proper, and the ten days contemplated in the deed of trust complete. The rule is, to exclude either the day of publication or the day of sale, and to include the other in computation. Grisseth v. Bogert, 18 How., 158; Wade on Notice, secs. 1070, 1071, et seq., 1101, 1102; Jones on Mort., sec. 1838; Comyn's Dig., 397.

*R. H. Ward*, for appellees.—The sale on October 18, 1887, by J. M. Taylor, the substitute trustee, of the four tracts of land in controvery to Frank Lerch, was null and void, because said sale was made without giving ten full days notice of the same, as required by the trust deed. Young v. Van Benthuysen, 30 Texas, 763; 2 Perry on Trusts, sec. 602; Fuller v. O'Neil, 69 Texas, 351.

As to meaning of two successive weeks: 27 Texas, 431; 42 Texas, 169; Early v. Doe, 16 How., 616.

Computation of time: 1 Texas, 107; 6 Texas, 76; 24 Texas, 144; 26 Texas, 83; 28 Texas, 118; 49 Texas, 101; 58 Texas, 523.

FISHER, Chief Justice.—On the 13th day of January, 1887, J. H. Hill executed a deed of trust upon certain real and personal property, to secure certain notes due by him to the San Angelo National Bank. At the maturity of the indebtedness, the property was advertised and about to be sold, and to prevent this Hill applied to J. H. Glass, of San Antonio, Texas, for relief, and agreed to pay him a commission of $150 for his services in connection with securing him the loan, and further agreed that this additional sum due as commissions should be secured as the other indebtedness, and paid out of the proceeds of the sale under the deed of trust. The notes were transferred to Glass, and extended for Hill's accommodation. Subsequently a substituted trustee, Hill again defaulting in payment, advertised the property under the deed of trust, and sold it. The cash was paid for the personal property, but P. J. Willis, who bought the real estate, failed to pay for it at the time. This sale occurred September 27, 1887. Thereafter, this real estate was again advertised to be sold on the 18th day of October, 1887, but before the sale Willis paid the purchase money for a part of the land bought by him at

the first sale, and the remainder, which is the land in controversy, was again sold and purchased by Frank Lerch, one of the defendants.

In the original petition filed by J. H. Hill November 11, 1887, he made P. J. Willis and Frank Lerch defendants, and sought to set aside the two sales referred to above; and for grounds of vacating the first, of date September 27, alleged, that he was unable to attend on account of sickness, but before it was made he caused a tender to be made of all moneys due, including the costs, and that the property was not advertised a sufficient length of time under the deed of trust, and for these reasons the sale was void.

The second sale, of date October 18, was also attacked, on the grounds that it was not sufficiently advertised, and because, as alleged, the proceeds of the first sale had satisfied all demands against the property.

Thus the case stood, with J. H. Hill as plaintiff and the said P. J. Willis and Frank Lerch as defendants, until November 16, 1888, when D. H. and J. W. Snyder filed what is styled their petition of intervention, in which they make no complaint againt P. J. Willis, but sue Frank Lerch, and join therein Otto Lerch as a defendant. In this plea of intervention the original sale, of date September 27, is treated and considered as valid and regular in all respects, but they attacked the second sale as void ab initio upon two grounds: (1) That the sale was not advertised the requisite length of time under the deed of trust. (2) The first sale satisfied the debt secured by the deed of trust and the cost and expenses.

These intervenors set out as the basis of their right to intervene, that the original plaintiff, J. H. Hill, had executed a certain instrument to one of them, John W. Snyder, whereby these lands, with others, were conveyed to said Snyder to secure said intervenors in certain indebtedness due them by said Hill, and to indemnify them for certain liabilities incurred by them for said Hill. Said instrument is set out in full as an exhibit to said petition of intervenors.

The defendants Frank and Otto Lerch interposed their demurrers, general and special, to the original petition of Hill and the petition of intervention of D. H. and J. W. Snyder, which were overruled and exceptions taken; and also pleaded that the original sale of September 27 was properly advertised, and did not satisfy the deed of trust, expenses, costs, etc., and the second sale was in all respects regular and valid, and passed the title. Also, that the defendants were innocent purchasers of the land for a valuable consideration, without notice of any irregularities and defects, if there were any, etc.

On the day of trial the Park Land and Cattle Company intervened and claimed the land, adopting the pleadings of the Snyders. The motion to strike out this plea was overruled, and at the instance of the intervenors the case was dismissed as to the original plaintiff, Hill, and on the trial of the cause before the court without a jury, judgment was rendered in

favor of the intervenors Snyder and the Park Land and Cattle Company, jointly, against the defendants Frank and Otto Lerch, cancelling their deeds and giving judgment against them for the land and costs.

1. All the parties to the suit deraigned title from J. H. Hill as common source.

2. The appellees, D. H. and J. W. Snyder and the Park Land and Cattle Company, hold under a certain instrument executed by J. H. Hill, which is as follows:

"*The State of Texas, County of Tom Green.*—Know all men by these presents, that I, J. H. Hill, for and in consideration of the sum of $10, cash in hand to me paid by John W. Snyder, of Williamson County, Texas, the receipt whereof is hereby acknowledged, have granted, bargained, sold, and conveyed, and by these presents do grant, bargain, sell, and convey unto him, the said John W. Snyder, the following tracts or parcels of land, to-wit. [Description of land omitted.]

" To have and to hold, unto him, the said John W. Snyder, his heirs and assigns forever, in trust nevertheless, for the following purposes, to-wit:

" First.   Whereas, D. H. and J. W. Snyder, of Georgetown, Texas, are my sureties on a certain note given by me to Mrs. E. H. Mitchell, of Travis County, during the month of February, 1886, on, to-wit, the 22d of said month, the same being for a large amount of money, to-wit, the sum of $10,268; and whereas, the said D. H. and J. W. Snyder have already advanced and paid for my benefit on said note the sum of $5000, and are held and firmly bound for the payment of the balance thereof, the said note referred to being the last note given by me to said Mrs. Mitchell, with said parties as sureties; now therefore, this conveyance made to indemnify and secure the said D. H. and J. W. Snyder against loss as far as may be done.   And the said J. W. Snyder, as trustee hereunder, is fully authorized to take possession of and control of the said lands; to sell the same at public or private sale for cash or on time, or for part cash and part on time, for such sums and in such manner as he may see fit; to do any and everything with regard thereto as if his own individual property; to make good and warranty deeds thereto, save as against the purchase money notes now outstanding against the same.

" The proceeds of which sale or sales are to be applied as follows, to-wit:   If said sales shall be made by the purchaser or purchasers assuming the amounts due on the purchase money notes due on said portions and giving an advance or additional sum for said land, then the advance shall be applied to the reasonable cost and expense of administering this trust, and the balance to repayment of said D. H. and J. W. Snyder the money already advanced by them for me; and if that shall have been fully refunded, then to the discharge of the remainder due on said note to Mrs. E. H. Mitchell.   It being fully understood and agreed, that if

it shall be deemed best by said John W. Snyder so to do, he shall have the right to sell a portion of said land and apply the proceeds to clearing the balance from all vendor's liens and encumbrances now existing thereon, and so to use and convey the portion thus cleared so as to best answer and subserve the purposes of this trust deed, which is the indemnifying and securing the said D. H. and J. W. Snyder.

"The surplus of the proceeds of said land, if any, after fully indemnifying said parties against loss and paying reasonable expenses of this trust, are to be paid over to me or my representatives.

"In testimony whereof, I hereunto sign my name, this the 4th day of October, 1887.

[Signed]                                    "J. H. HILL."

3. The appellee the Park Land and Cattle Company holds under a deed executed by the Snyders by virtue of this instrument.

4. The appellants hold under a sale made by virtue of a deed of trust executed by J. H. Hill for the benefit of J. H. Glass, the purchase made on the 18th day of October, 1887.

5. The deed of trust under which appellants hold required the property to be sold after giving ten days notice of the time, place, and terms, and description of the property to be sold, by printed advertisements in some newspaper published in Tom Green County, once a week for at least two successive weeks prior to the day of sale.

6. The land was sold to appellants on the 18th of October, 1887, under this deed of trust.

7. The notice of the sale required to be given was first published in the San Angelo Standard, a weekly newspaper published in San Angelo, Tom Green County, on October 8, 1887.

8. The sale was made as above stated, less than ten days after the advertisement was first published. For this reason, we find as a fact that the sale was void, and conferred no title upon appellants.

Several assignments of errors are presented by appellants, but we only notice those that we deem important.

It is contended by appellants, that the instrument under which the appellees assert title, as executed by J. H. Hill to D. H. and J. W. Snyder, is simply a deed of trust or mortgage, with power of sale, and does not confer upon the Snyders such interest in the land as would permit them to maintain this action. We think the deed of trust is broad enough in its terms to confer upon the Snyders the authority to make the transfer of the property to the intervenor the Park Land and Cattle Company, and in permitting them to remove cloud from the title and to cancel sales affecting the title, as could have been done by Hill himself, if he had insisted upon his rights in this case. The instrument authorizes the Sny-

ders to take full possession and control of the lands; to sell the same at public or private sale, for cash or on time, and for such sums and in such manner as they may see fit; to do any and everything with regard thereto as if his own individual property; to make good and warranty deeds thereto. In accomplishing these purposes, Snyder had the right, in order to put him in a position to do the very acts and to perform the powers conferred upon him by the instrument, to have cancelled and set aside any adverse title that may have been a hindrance in the performance of these duties.

The second question presented by appellants is, that it does not appear from the pleadings or from the evidence that a tender was made by the appellees of the amount of purchase money paid by appellants at the trustee's sale under which they hold. Reimbursing the appellants was not a duty required of the appellees as a predicate to maintaining this action and in obtaining the relief granted by the trial court. The sale made by the trustee was absolutely void. The Snyders had no interest in that matter, excepting so far as that sale may have been a cloud upon their title. Their interest was adverse to that of appellants, or that of any one else which tended to affect the title asserted by the Snyders. No obligation was resting upon the Snyders', as a prerequisite to the right of attacking this adverse title, that they should discharge any claim that the appellants might have against J. H. Hill or Glass, to recover from them the price that they had paid for property of which they received no title.

The third question presented is, was the sale to appellants under the deed of trust under which they claim void? The deed of trust required the land to be sold after advertisement of ten days in some newspaper published in Tom Green County. The evidence shows, that the first publication was made on the 8th of October, 1887, and the sale was made on the 18th of October, 1887. It is apparent from this statement that the sale was not advertised for the length of time required by the terms of the deed of trust. The requirement of the law on the question of time, as shown by the facts of this case, is ten full days. The sale made upon the 18th would not be ten full days, because the day upon which the advertisement is first published is to be excluded in computing the time when the publication begins. The court below held the sale void for this reason, and also for the further reason that the debts secured by the deed of trust under which appellants claim had previously been paid and satisfied. Holding as we do, that the sale was void because not advertised for the length of time required by the deed of trust, it is not necessary for us to pass upon the other reason given the court below for holding the sale void.

The judgment of the court below is affirmed.

*Affirmed.*

Delivered February 8, 1893.